UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| AVONDALE BROTHERS NO. 128, L.L.C. | CIVIL ACTION |
| VERSUS | NO: 2:16-CV-02034 |
| SEI FUEL SERVICES, INC. | SECTION: R |

## ORDER AND REASONS

Defendant SEI Fuel Services, Inc. removed plaintiff Avondale Brothers No. 128 L.L.C.'s state-court action on March 10, 2016.[1] Plaintiff now moves the Court to remand the action, arguing that the amount in controversy does not meet the jurisdictional minimum under 28 U.S.C. § 1332.[2] For the following reasons, the Court denies the motion.

## I. BACKGROUND

Plaintiff Avondale Brothers No. 128, L.L.C., a convenience and fuel store, filed this action in the Twenty-Fourth Judicial District Court for the Parish of Jefferson seeking a declaratory judgment that it is not bound by an

---

[1] *See* R. Doc. 1.
[2] R. Doc. 25-1 at 4.

alleged fuel supply contract with defendant SEI Fuel Services, Inc.[3] Defendant contends that it acquired from a third party the exclusive contractual right to sell fuel to the Avondale Brothers store.[4] Plaintiff disputes the continuing validity of the contract.[5]

On March 10, 2016, defendant removed the action to this Court on the basis of diversity jurisdiction.[6] On April 5, 2016, plaintiff moved to remand the action on the grounds that defendant has not established that the amount in controversy exceeds $75,000.[7] Plaintiff argues that any harm defendant might suffer in this litigation is mitigated by the fact that plaintiff is continuing to perform under the disputed contract pending final resolution of this case.[8]

Defendant opposes the motion, asserting that, plaintiff's present compliance with the disputed contract notwithstanding, the exclusive distribution right created by the fuel supply contract is worth well over $75,000.[9] In support, defendant submits the affidavit of its Director of

---

[3] *See* R. Doc. 1-1 at 2.
[4] R. Doc. 26 at 1; *see also* R. Doc. 1-1 at 1.
[5] R. Doc. 1-1 at 1.
[6] R. Doc. 1 at 5.
[7] *See* R. Doc. 25; *see also* R. Doc. 25-1 at 4.
[8] *See* R. Doc. 25-1 at 5.
[9] *See* R. Doc. 26.

Administration and Controls, Barry Bailey.[10]  Citing the disputed contract's requirement that plaintiff purchase from defendant a minimum of 1,403,358 gallons of gasoline per year,[11] Bailey values the remaining gasoline and motor fuel proceeds attributable to the Avondale Brother's store at $360,000.[12] Bailey also values the proceeds attributable to the five-year renewal term at $270,000.[13]  Finally, Bailey states that if defendant loses its alleged contractual right to supply fuel to plaintiff it will incur a de-branding penalty of $889,614.85.[14]  In total, Bailey alleges an amount in controversy of $1,519,614.85.[15]

## II.   LEGAL STANDARD

A defendant may generally remove a civil action filed in state court if the federal court has original jurisdiction over the action.  *See* 28 U.S.C. § 1441(a).  The removing party bears the burden of showing that federal jurisdiction exists.  *See Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).  In assessing whether removal is appropriate, the Court is guided

---

[10] *See* R. Doc. 26-1.
[11] *Id.* at 26.
[12] *Id.* at 2
[13] *Id.*
[14] *Id.*
[15] *Id.*

by the principle, grounded in notions of comity and the recognition that federal courts are courts of limited jurisdiction, that removal statutes should be strictly construed. *See, e.g.*, *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). While the Court must remand the case to state court if at any time before final judgment it appears that it lacks subject matter jurisdiction, the Court's jurisdiction is fixed as of the time of removal. *See* 28 U.S.C. § 1447(c); *Doddy v. Oxy USA, Inc.*, 101 F.3d 448, 456 (5th Cir. 1996).

### III. DISCUSSION

Defendant has asserted federal jurisdiction based on diversity of citizenship. *See* 28 U.S.C § 1332. Diversity jurisdiction exists only when the parties are citizens of different states, and the amount in controversy exceeds $75,000. *White v. FCI USA, Inc.*, 319 F.3d 672, 674 (5th Cir. 2002). Because plaintiff does not dispute that the parties are citizens of different states, the Court need consider only whether the amount in controversy exceeds the jurisdictional minimum.

Regarding the amount in controversy, plaintiff does not identify a specific amount of damages in his petition. As amended by the Federal Courts Jurisdiction and Venue Clarification Act of 2011, 28 U.S.C. §

1446 provides that the sum demanded in good faith in the initial pleading shall serve as the amount in controversy. 28 U.S.C. § 1446(c)(2). If the initial pleading seeks nonmonetary relief, the notice of removal may assert the amount in controversy, and removal is proper if the court finds, by a preponderance of the evidence, that the amount of controversy exceeds $75,000. 28 U.S.C. § 1446(c)(2)(A)(i);(B).

This provision of section 1446 is consistent with the approach taken by the Fifth Circuit in requiring that the removing defendant prove by a preponderance of the evidence that the amount in controversy exceeds $75,000 when plaintiffs do not request a specific amount in damages. *See Wright Family Inv., LLC v. Jordan Carriers, Inc.,* No. 12–CV–0826, 2012 WL 2457664, at *1 (W.D. La. June 25, 2012) (citing *Luckett v. Delta Airlines,* 171 F.3d 295, 298 (5th Cir. 1999)); *see also Grant v. Chevron Phillips Chem. Co.,* 309 F.3d 864, 868 (5th Cir. 2002). Under Fifth Circuit jurisprudence, a defendant satisfies this burden either by showing that it is facially apparent that the plaintiff's claims exceed the jurisdictional amount or by setting forth the facts in dispute supporting a finding that the jurisdictional amount is satisfied. *Grant,* 309 F.3d at 868 (citing *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)). If the defendant meets its burden of showing the requisite amount in controversy, the

plaintiff can defeat removal only by establishing with legal certainty that the claims are for less than $75,000. *Id.* (citing *De Aguilar v. Boeing*, 47 F.3d 1404, 1412 (5th Cir. 1995)).

In actions seeking declaratory or injunctive relief, the amount in controversy is measured by the value of the object of the litigation. *See Hunt v. Washington State Apple Advertising Commission,* 432 U.S. 333, 347 (1977); *Leininger v. Leininger,* 705 F.2d 727, 729 (5th Cir. 1983). As the Fifth Circuit holds, the object of the litigation is the value of the right to be protected or the extent of the injury to be prevented. *See Texas Acorn v. Texas Area 5 Health Systems Agency, Inc.,* 559 F.2d 1019 (5th Cir. 1977).

Here, the right to be protected is the contractual right to serve as the exclusive gasoline supplier for plaintiff's convenience and fuel store. As plaintiff acknowledges in its state-court petition, the disputed fuel supply contract has an initial term of 15 years–seven of which still remain–and an option for an additional five-year renewal.[16] Given the value of the relevant commodity and the exclusive nature of the contract, it is facially apparent that the amount in controversy exceeds $75,000.

Any doubt as to the value of the disputed contract right is dispelled by evidence that defendant submits in opposition to plaintiff's remand motion.

---

[16] *See* R. Doc. 1-1 at 1.

In a sworn affidavit, defendant's Director of Administration and Control values the gasoline and motor fuel proceeds attributable to plaintiff's store under the remaining initial term at $360,000.[17] He also values the five-year renewal term proceeds at $270,000 and states that defendant will incur a $889,614.85 de-branding penalty if it loses the right to supply fuel to plaintiff under the disputed contract.[18] Adding these figures yields an amount in controversy of over $1.5 million,[19] well in excess of the jurisdictional requirement.

Plaintiff offers no evidence to rebut defendant's valuation. Instead, plaintiff simply asserts that any harm defendant might otherwise sustain if plaintiff is deemed not to be bound by the fuel supply contract is mitigated by plaintiff's promise to continue purchasing defendant's fuel until this controversy is judicially resolved.[20] As noted, to determine the amount in controversy in a declaratory judgment action, the Court looks to the value of the object of the litigation. *See Hunt*, 433 U.S. at 347. The object of this litigation is a multi-year fuel supply contract. That plaintiff is continuing to purchase fuel under the contract during the pendency of this litigation does

---

[17] *See* R. Doc. 26-1 at 2.
[18] *Id.*
[19] *Id.*
[20] *See* R. Doc. 25-1 at 5.

not change the fact that a judgment on the contract's validity will substantially impact both parties' bottom lines for years to come. Thus, plaintiff's argument fails to establish to a legal certainty that the amount in controversy is less than $75,000. *See Grant*, 309 F.3d at 868. Accordingly, plaintiff's motion to remand is denied.

## IV.  CONCLUSION

For the foregoing reasons, the Court DENIES plaintiff's motion to remand.

New Orleans, Louisiana, this ___1st___ day of July, 2016.

_____*Sarah Vance*_____

SARAH S. VANCE
UNITED STATES DISTRICT JUDGE