UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

VETERANS BROTHERS NO. 126,                              CIVIL ACTION
L.L.C., ET AL.

VERSUS                                                       NO. 16-272

7-ELEVEN, INC., ET AL.                              SECTION "R" (2)

                                            APPLIES TO: NO. 16-434
                                                        NO. 16-2034

## ORDER AND REASONS

Before the Court is Third-Party Defendants Imad Hamdan, Brothers Veterans, LLC, Brothers Avondale, LLC, and Brothers Lapalco, LLC's (Third-Party Defendants) consolidated motion to set aside the default entered against them on September 9, 2016.[1]  Also before the Court is Third-Party Plaintiff SEI Fuel Services, Inc.'s motion for default judgment against third-party defendants, or in the alternative, motion for partial summary judgment.[2]  Because the Court finds that third-party defendants' failure to respond to the complaint was not willful, that third-party plaintiff will not be prejudiced, and that the defendants present potentially meritorious defenses, the Court GRANTS the third-party defendants' motion to set aside

---

[1]     R. Doc. 73.  All docket entries refer to case 2:16-cv-00272 unless otherwise specified.

[2]     R. Doc. 69.

the entry of default.  For the same reasons, the Court DENIES third-party plaintiff's motion for default judgment and for partial summary judgment.

## I.   BACKGROUND

This case is a consolidation of three lawsuits, and the procedural history of the cases can be hard to follow due to the names and corporate identities of all of the players.  On December 7, 2015, Veterans Brothers No. 126, LLC filed suit against 7-Eleven, Inc., in the 24th Judicial District Court for the Parish of Jefferson, Louisiana.[3]  The suit alleges that despite 7-Eleven's claims that it has the exclusive contractual right to sell and distribute motor fuel to Veterans Brothers, Veterans Brothers is not, and has never been, a party to the alleged contract.[4]   In the same court on the same day, Lapalco Brothers No. 125, LLC filed an identical suit against 7-Eleven, making the same allegations as the Veterans Brothers suit.[5]   7-Eleven removed both suits to this Court on January 11, 2016.[6]

---

[3]   R. Doc. 1.
[4]   R. Doc. 1-1 at 1.
[5]   R. Doc. 1-1 at 1 in 2:16-cv-00454.
[6]   R. Doc. 1; R. Doc. 1 in 2:16-cv-00454.

On January 26, 2016, Avondale Brothers No. 128, LLC filed a lawsuit in state court identical to those filed by Veterans Brothers and Lapalco Brothers, except this suit was against SEI Fuel rather than 7-Eleven.[7]  On February 2, 2016, Veterans Brothers and Lapalco Brothers substituted SEI Fuel for 7-Eleven,[8] and on March 10, 2016, SEI Fuel removed the Avondale Brothers suit to this Court.[9]  On March 15, the Court consolidated the three cases.[10]

On March 11, SEI Fuel filed its answer to the Veteran Brothers lawsuit, and filed counterclaims against Veteran Brothers, but also named Brothers Veterans, LLC, and Imad Hamdan, as third-party defendants.[11]  On the same day, it answered the Lapalco Brothers suit, and filed counterclaims not only against Lapalco Brothers, but also against Brothers Lapalco, LLC, and Hamdan.[12]  On March 28, 2016, SEI Fuel filed its answer to the Avondale Brothers suit and filed counterclaims against Avondale Brothers, Brothers Avondale, LLC, and Hamdan.[13]

---

[7]   R. Doc. 1-1 at 1 in 2:16-cv-02034.
[8]   R. Doc. 13.
[9]   R. Doc. 1 in 2:16-cv-02034.
[10]   R. Doc. 21.
[11]   R. Doc. 18.
[12]   R. Doc. 19.
[13]   R. Doc. 23.

3

SEI Fuel's counterclaims alleged that despite the difference in names of the corporate entities (e.g. Avondale Brothers vs. Brothers Avondale), the entities operated as a single business enterprise. SEI Fuel sought a declaratory judgment that the corporate entities (no matter how they are named) are obligated to comply with the alleged fuel contracts. SEI Fuel also brought claims for anticipatory breach of contract and for unfair trade practices under the Louisiana Unfair Practices and Consumer Protection Law.

SEI Fuel served Brothers Lapalco[14] and Brothers Veterans[15] on May 24, 2016, and served Brothers Avondale[16] and Hamdan on May 25.[17] Neither Brothers Lapalco, Brothers Veterans, Brothers Avondale, nor Hamdan answered the counterclaims in a timely manner, and on September 9, 2016, SEI Fuel sought an entry of default as to those third-party defendants.[18] On the same day, the Clerk of Court issued an Entry of Default against those third-party defendants.[19] On October 12, 2016, SEI Fuel moved the Court to

---

[14]   R. Doc. 38.
[15]   R. Doc. 40.
[16]   R. Doc. 37.
[17]   R. Doc. 39.
[18]   R. Doc. 48 (Veterans); R. Doc. 52 (Avondale); R. Doc. 55 (Lapalco); R. Doc. 49, 51, and 53 (Hamdan). Veterans Brothers, Lapalco Brothers, and Avondale Brothers answered SEI Fuel's counterclaims.
[19]   R. Doc. 57 (Veterans); R. Doc. 60 (Avondale); R. Doc. 62 (Lapalco); R. Doc. 58, 59, and 61 (Hamdan).

enter a default judgment against the third-party defendants.[20]   Two days later, Brothers Veterans, Brothers Avondale, Brothers Lapalco and Hamdan filed a motion to set aside the entry of default.[21]   The third-party defendants did not file their answers to SEI Fuel's counterclaims until November 30, 2016.[22]

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 55(c) provides that a district court may set aside an entry of default "for good cause shown."   Fed. R. Civ. P. 55(c). Good cause, for purposes of Rule 55(c), "is not susceptible of precise definition, and no fixed, rigid standard can anticipate all of the situations that may occasion the failure of a party to answer a complaint timely." *Dierschke v. O'Cheskey*, 975 F.2d 181, 183 (5th Cir. 1992).   In determining whether good cause exists to set aside an entry of default, the Court considers "(1) whether the failure to act was willful; (2) whether setting the default aside would prejudice the adversary; and (3) whether a meritorious claim has been presented."   *Effjohn Int'l Cruise Holdings, Inc. v. A & L Sales, Inc.*, 346 F.3d 552, 563 (5th Cir. 2003).   These factors are, however, nonexclusive, and

---

[20]   R. Doc. 69.
[21]   R. Doc. 73.
[22]   R. Doc. 103; R. Doc. 104; R. Doc. 105.

the Court should consider all relevant circumstances against the background principles that cases should be resolved on the merits. *See Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000) ("[F]ederal courts should not be agnostic with respect to the entry of default judgments, which are generally disfavored in the law and thus should not be granted on the claim, without more, that the defendant had failed to meet a procedural time requirement.") (internal citation omitted); *see also Amberg v. Fed. Deposit Ins. Corp.*, 934 F.2d 681, 686 (5th Cir. 1991) ("Federal Rules are diametrically opposed to a tyranny of technicality; . . . [s]trict enforcement of defaults has no place in the Federal Rules. . . ."). Further, setting aside an entry of default is not subject to the strict standards of setting aside a final judgment under Rule 60. *See* 2015 Amendment to Fed. R. Civ. P. 55 ("The demanding standards set by Rule 60(b) apply only in seeking relief from a final judgment.").

Though resolution of cases on the merits is preferable, the willful failure of a party to answer the complaint may provide sufficient justification to deny a motion to set aside an entry of default. *See Dierschke*, 975 F.2d at 184; *CJC Holdings, Inc. v. Wright & Lato, Inc.*, 979 F.2d 60, 63 (5th Cir. 1992); *Hargray v. City of New Orleans*, 12 F.3d 1099 (5th Cir. 1999) (stating that a willful failure to answer indicates a lack of good cause). A failure to file an answer that results from excusable neglect is not willful. *See*

6

*American Airlines, Inc. v. Reinis*, 21 F.3d 1107 (5th Cir. 1994); *see also CJC Holdings*, 979 F.2d at 64; *Parker v. Bill Melton Trucking, Inc.*, No. 15-2528, 2016 WL 5704172, at *2 (N.D. Tex. Oct. 3, 2016) ("Willfulness is determined by applying the excusable neglect standard.") (citation omitted).

## III.  DISCUSSION

In support of their motion to set aside, third-party defendants argue that their failure to respond to SEI Fuel's counterclaims was the product of receiving an informal extension of time to respond, combined with an overseas emergency in Israel that Hamdan had to attend to.[23]  The third-party defendants further argue that SEI Fuel will not be prejudiced if the Court sets aside the entry of default and that the third-party defendants possess a meritorious defense.[24]

SEI Fuel contends that third-party defendants willfully failed to plead and did not expeditiously move to set aside the entry of default.[25]  Further, it contends that SEI Fuel will be prejudiced if the default is set aside and that third-party defendants do not possess a meritorious defense.[26]  Though the

---

[23]  R. Doc. 73-1 at 5.
[24]  *Id.* at 6-7.
[25]  R. Doc. 83 at 4.
[26]  *Id.* at 7-8.

Court acknowledges that third-party defendants would be well-served by paying more attention to deadlines and filing requirements, because the requirement of good cause is "interpreted liberally," *Amberg*, 934 F.2d at 685, the Court finds that third-party defendants have met their burden to set aside the entry of default against them.

### A.   Third-Party Defendants Have Shown Good Cause

*1.   Third-party defendants' failure to respond was not willful*

The Court finds that the third-party defendants have shown good cause to set aside the entry of default against them. Fed. R. Civ. P. 55(c).  First, the Court finds that the third-party defendants' failure to file a timely answer in this matter amounts to excusable neglect rather than willful conduct.  *See Bona Fide Demolition & Recovery, LLC v. Crosby Const. Co. of Louisiana*, No. 07-3115, 2009 WL 4060192, at *3 (E.D. La. Nov. 20, 2009) (setting aside default where failure to respond was product of excusable neglect).  The determination of whether neglect is excusable is "at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission, including the danger of prejudice to the non-movant, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith."  *In re FEMA Formaldehyde*

8

*Products Liability Litigation*, MDL No. 07-1873, 2012 WL 458821, at *6 (E.D. La. Feb 13, 2012) (internal quotation and punctuation marks omitted) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs Ltd. P'ship*, 507 U.S. 380, 395 (1993)).

In Imad Hamdan's declaration attached to third-party defendants' motion, he states that he is responsible for management and litigation strategy decisions for Brothers Veterans, Brothers Lapalco, and Brothers Avondale, and therefore their failure to respond is attributable to him.[27] Further, he declares that during the summer of 2016, third-party defendants received at least one informal extension of time to respond to SEI Fuel's counterclaims.[28] Finally, he declares that he was in Israel from July 7, 2016 to August 9, 2016 attending to business, and from September 7, 2016 to September 27, 2016 dealing with the damage caused by a fire at one of his properties.[29] Hamdan and third-party defendants did not obtain counsel until late September, 2016.[30]

SEI Fuel correctly points out that answers were due in mid-June, and that Hamdan did not go to Israel until July 7, and the fire did not occur until

---

[27] R. Doc. 73-3.
[28] *Id.* at 2 ¶ 5.
[29] *Id.* ¶ 6, ¶ 9.
[30] *Id.* ¶ 10.

August.[31]   This ignores Hamdan's assertion that third-party defendants received an informal extension of time to respond.  Not only does SEI Fuel not point to any evidence indicating that Hamdan's assertion is false, but Hamdan's assertion is also supported by the record.[32]   Although litigants before this Court should not rely on informal extensions of pleading deadlines, which are without legal effect and can lead to disagreements and unnecessary motion practice, the Court finds that there was an informal extension of time to respond.

Additionally, although there is some evidence suggestive of willfulness, Hamdan's declaration that he was in Israel for most of the summer of 2016, and much of that time was spent addressing an emergency, as well as the fact that third-party defendants were without counsel, supports the finding that when taking into account all of the relevant circumstances, the failure to respond was not willful.  *See Jenkens & Gilchrist v. Groia & Co.*, 542 F.3d 114, 123 (5th Cir. 2008) (finding that even though "there is evidence suggestive of willfulness . . . we do not believe the record shows conclusively that [defendant's] default was willful").  Even if the Court doubted the truth

---

[31]     R. Doc. 83 at 4.

[32]     Counsel for SEI Fuel sent two letters, dated June 21, 2016 and July 14, 2016, respectively, both of which indicated an extension of time to answer SEI Fuel's claims.  *See* R. Doc. 83-1; R. Doc. 83-2.

of Hamdan's explanation, "any doubt should, as a general proposition, be resolved in favor . . . of securing a trial upon the merits." *Id.* (citation omitted). Therefore, the Court finds that third-party defendants' failure to answer the counterclaims was not willful.

### 2. *SEI Fuel will not be prejudiced*

The Court finds that SEI Fuel will not be prejudiced by setting aside the entries of default. To establish prejudice, plaintiffs "must show that the delay will result in the loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion." *Lacy*, 227 F.3d at 293 (internal quotations and citation omitted). SEI Fuel contends that third-party defendants' delay in responding has deprived SEI Fuel of needed discovery and that setting aside the default will increase the risk of fraud and collusion.[33] Since the scheduling order in this case has been amended and the current discovery deadline is July 5, 2017, the Court finds that SEI Fuel will not be prejudiced by setting aside the entries of default.[34] Further, while the intertwined relationship between Hamdan and the other third-party defendants may make the resolution of this case less straightforward, neither the nature of their relationship nor the record supports a finding that setting

---

[33]    R. Doc. 83.

[34]    R. Doc. 96.

11

aside the entries of default will create greater opportunities for fraud and collusion.

> ### 3.   *Third-party defendants have potentially meritorious defenses*

Finally, the Court finds that the third-party defendants have potentially meritorious defenses to SEI Fuel's counterclaims.  To present a meritorious defense to set aside an entry of default, it is sufficient to show "some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default."  *In re OCA, Inc.*, 551 F.3d 359, 373 (5th Cir. 2008) (citation omitted).   SEI Fuel and third-party defendants vigorously dispute the factual and legal predicates of the underlying claims in this litigation.   Additionally, third-party defendants have submitted evidence that the agreements at the heart of this litigation contain arbitration provisions.[35]  While SEI Fuel argues that third-party defendants have waived any right to compel arbitration,[36] the mere existence of these provisions provides the requisite possibility that the outcome will be different than the result achieved by a default.  *Id*.

Because the Court finds that third-party defendants have shown good cause for lifting the default against them, the Court will grant their

---

[35]     *See, e.g.*, R. Doc. 73-4 at 14.

[36]     R. Doc. 83 at 10.

12

consolidated motion to set aside the entries of default. SEI Fuel's motion for summary judgment relies on the assumption that third-party defendants have defaulted and admitted SEI Fuel's factual allegations, and thus it was not fully briefed. Therefore the motion for summary judgment is denied without prejudice.

## IV.   CONCLUSION

For the foregoing reasons, the Court GRANTS third-party defendants' motion to set aside the defaults entered against them, and DENIES SEI Fuel's motion for default judgment.   SEI Fuel's motion for summary judgment is DENIED WITHOUT PREJUDICE.

New Orleans, Louisiana, this   27th   day of December, 2016.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

13